UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-03558-SVW-RAO | Date | June 27 2024 |
|---|---|---|---|
| Title | *Greg Covey et al v. County of Los Angeles et al* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   ORDER DENYING PLAINTIFFS' MOTION FOR REMAND [10]

### I.   Introduction

Before the Court is a motion to remand the action back to state court. Dkt. 10. For the following reasons, the motion is DENIED.

### II.   Factual and Procedural Background

Plaintiff Grey Covey, Sr. and Sylvia Covey (collectively, "Plaintiffs") filed this lawsuit against defendant County of Los Angeles ("Defendant"), in the Superior Court of the County of Los Angeles on April 9, 2024. ECF No. 11-1 ("Compl."). Plaintiffs alleged three causes of action against Defendant. The first cause of action is a violation of Due Process under 42 U.S.C. §§ 1983, 1988 and Cal. Const. art. I, § 7. Compl. ¶ 61. The second and third causes of action are negligence and intentional infliction of emotional distress. Compl. ¶¶ 84, 91–100, ECF No. 11-1. Defendant removed the case on April 30, 2024, pursuant to 28 U.S.C. § 1443(2) or, in the alternative, on the basis of joinder of federal and state claims pursuant to the provisions of 28 U.S.C. § 1441(c). ECF No. 1. Plaintiffs filed this motion to remand on May 20, 2024. ECF No. 10.

### III.   Legal Standard

Federal courts are courts of limited jurisdiction and have subject matter jurisdiction only where authorized by the Constitution and Congress. See *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-03558-SVW-RAO | Date | June 27 2024 |
|---|---|---|---|
| Title | Greg Covey et al v. County of Los Angeles et al | | |

had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. §§ 1331, 1332(a). In order to establish original jurisdiction based on the former, a federal question must be present on the face of the complaint, not an anticipated legal issue that may arise over the course of the litigation. This is known as the well-pleaded complaint rule. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (under the "well-pleaded complaint" rule, "federal jurisdiction exists only when a federal question is present on the face of plaintiff's properly pleaded complaint").

The removing defendant bears the burden of establishing original jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002). Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and ... the district court must remand if it lacks jurisdiction." *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003).

**IV.    Analysis**

The Court finds that removal was proper under 28 U.S.C. § 1441(c) and therefore does not reach whether removal was proper under 28 U.S.C. § 1443(2).[1]

§ 1441(c), governing the removal of civil actions, states the following:

(c) Joinder of Federal law claims and State law claims.—

    (1) If a civil action includes—

        (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

---

[1] We note that 28 U.S.C. § 1443 is meant to provide an alternative ground for removal when federal question jurisdiction or diversity jurisdiction cannot be established—which is unnecessary here. *See Realty Advisors, Inc. v. Ojiaku*, 2023 U.S. Dist. LEXIS 177020, *2 (E.D.Cal. Oct. 2, 2023) ("If neither federal question jurisdiction nor diversity jurisdiction exist, 28 U.S.C. § 1443 could provide for removal.").

| | | : | |
|---|---|---|---|
| | Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-03558-SVW-RAO | Date | June 27 2024 |
|---|---|---|---|
| Title | *Greg Covey et al v. County of Los Angeles et al* | | |

> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,
>
> the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

28 U.S.C. § 1441.

Plaintiffs' well pleaded complaint alleges three causes of actions, including a violation of Plaintiffs' rights under the United States Constitution and the California Constitution. Compl. ¶ 61. Because a federal claim is present on the face of Plaintiffs' complaint, federal courts have original jurisdiction. The federal claim was also a claim "arising under the Constitution . . . of the United States" within the meaning of 28 U.S.C. § 1441(c)(1)(A). Removal of the entire case based on 28 U.S.C. § 1441(c) was therefore proper.

Plaintiffs did not address 28 U.S.C. § 1441(c) in their motion to remand, but rather focused exclusively on rebutting 28 U.S.C. § 1443(2) as a ground for removal. ECF No. 10. In their reply to opposition, Plaintiffs argue that their claim for violation of their due process rights is based on the California Constitution and therefore does not give rise to federal question jurisdiction. ECF No. 12 at 5. Plaintiffs state that when an action can be addressed under either state or federal law, they may choose to eschew claims based on federal law and thereby have the case heard in state court. ECF No. 12 at 4. While this is true, this is not the case here. Plaintiffs' complaint explicitly alleges violation of due process under both 42 U.S.C. §§ 1983, 1988 and the California Constitution. The former is a federal question that appears on the face of the complaint. Plaintiffs did not "eschew claims based on federal law" but rather explicitly alleged a federal-law claim, and Defendant did not "merely inject a federal question into an action that asserts what is plainly a state-law claim". *See Caterpillar, Inc.*, 482 U.S. at 398-99 (when a plaintiff chooses to plead a federal claim, removal is at the defendant's option.)

**V.   Attorney's Fees**

Because removal was proper, Plaintiffs' request for attorneys' fees is denied.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-03558-SVW-RAO | Date | June 27 2024 |
|---|---|---|---|
| Title | Greg Covey et al v. County of Los Angeles et al | | |

### VI. Conclusion

For the foregoing reasons, Plaintiffs' motion to remand is DENIED.

**IT IS SO ORDERED.**

| | Initials of Preparer | PMC |
|---|---|---|